NOSSAMAN LLP
DREW R. HANSEN (SBN 218382)
dhansen@nossaman.com
PAVNEET SINGH MAC (SBN 303971)
pmac@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile: 949.833.7878

Attorneys for Defendant
C.R. ENGLAND, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SANCHEZ, as an Individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>C.R. ENGLAND, INC., a Utah Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No: 5:20-cv-02643-DMG-SHK<br>Hon. Dolly M. Gee<br><br>**DEFENDANT C.R. ENGLAND, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>(*Filed concurrently with Declarations of Lisa Callister and Pavneet Singh Mac, and [Proposed] Order*)<br><br>Date: February 26, 2021<br>Time: 9:30 A.M.<br>Ctrm: 8C<br><br>Action Filed: November 10, 2020<br>Trial Date: None Set |

**TO THE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Friday, February 26, 2021, at 9:30 A.M. or as soon thereafter as the Court may allow, in Courtroom 8C on the 8th Floor of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant C.R. England, Inc. ("C.R. England") will and hereby does move for an order transferring all of the claims Plaintiff David Sanchez ("Plaintiff") asserts against it in this case to the United States District Court for the District of Utah ("Motion").

This Motion is made pursuant to 28 U.S.C. § 1404(a) and is based on a mandatory forum selection clause agreed to by the parties. This Motion will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities filed concurrently herewith, the Declaration of Lisa Callister, the Declaration of Pavneet Singh Mac, the pleadings and papers on file in this action, any reply papers submitted by C.R. England, and those matters of which the Court can take judicial notice, and such other evidence and argument as the Court may consider at the hearing on this matter.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3. The Parties met and conferred by telephone on January 12, 2021, but were unable to reach a resolution that would eliminate the necessity of filing this Motion. *See* Declaration of Pavneet Singh Mac, ¶¶ 2-4.

DATED: January 26, 2021           NOSSAMAN LLP

By:     */s/ Pavneet Singh Mac*
Drew R. Hansen
Pavneet Singh Mac
Attorneys for Defendant C.R. ENGLAND, INC.

2
DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff David Sanchez's ("Plaintiff") decision to pursue this lawsuit in a California court is improper because it violates his agreement to a mandatory forum-selection clause requiring him to litigate his purported claims in Salt Lake City, Utah, where Defendant C.R. England, Inc. ("C.R. England") is headquartered. Paragraph 9 of the Driver Tuition Reimbursement and Employment Contract ("Contract"), which Plaintiff *voluntarily* entered into with C.R. England in late March 2019, provides that "**any claim, litigation or dispute arising from or related to this Contract shall be litigated in the appropriate federal or state court located in Salt Lake City, Utah.**" Declaration of Lisa Callister ("Callister Decl.") ¶ 6 & Exhibit 1 attached thereto ("Exh. 1") at ¶ 9 (emphasis added). Plaintiff's action against C.R. England must therefore be transferred to Utah per the terms of the Contract.

Given Plaintiff's agreement to bring his purported claims in a court serving Salt Lake City, Utah – which is presumed valid and enforceable under federal law – C.R. England now brings this Motion to transfer the action to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a). Because Plaintiff cannot meet his heavy burden to establish that enforcement of the mandatory forum-selection clause would be unreasonable and unjust, the parties' chosen venue must be enforced, and this action must be transferred to the United States District Court for the District of Utah.

## II. RELEVANT BACKGROUND

### A. Factual Background

C.R. England is a Utah corporation founded in 1920 that is headquartered in Salt Lake City, Utah. *See* Callister Decl. ¶ 2. C.R. England's payroll, accounting, and finance departments along with its officers and management team (including, but not limited to, its Vice President of Human Resources) are all housed in the

company headquarters in Salt Lake City, Utah. *Id.* ¶ 3. Salt Lake City is also the nerve center of where management makes decisions at C.R. England. *Id.*

C.R. England specializes in transporting temperature sensitive freight (such as fresh produce, meat, dairy products, beverages and chemicals) across the country by tractor-trailer for its customers from pick-up point to ultimate destination. *Id.* ¶ 4. C.R. England employs truck drivers to transport its customers' freight. *Id.* ¶ 5.

Plaintiff voluntarily entered into a Driver Tuition Reimbursement and Employment Contract (the "Contract") with C.R. England in late March 2019, in which C.R. England agreed to employ Plaintiff as a truck driver when he met several conditions and he agreed, after those conditions were met, to work as a truck driver for C.R. England. *See Id.* ¶ 6 & Exh. 1. As compensation for the driving services to be rendered under the Contract, and as consideration for Plaintiff's promises and covenants therein, C.R. England agreed to pay Plaintiff "the wages, benefits and other compensation set forth in [the C.R. England Driver Employee Policy] Manual and as stated by C.R. England from time to time." *Id.* Exh. 1 ¶ 5.

In the Contract, Plaintiff also agreed to a mandatory forum-selection clause requiring all disputes between the parties to be litigated in Salt Lake City, Utah. Indeed, Paragraph 9 of the Contract states in relevant part:

> C.R. England and Driver hereby agree that this Contract and its construction and interpretation shall at all times and in all respect be governed by the laws of the State of Utah, and any claim, litigation or dispute arising from or related to this Contract shall be litigated in the appropriate federal or state court located in Salt Lake City, Utah. Driver hereby consents to personal jurisdiction and venue in such court.

*Id.* Exh. 1 ¶ 9 (underlining of one word omitted). The Contract also states:

> (Paragraph 9) [i.e., the mandatory forum selection clause] is optional and not a condition of employment. Driver has the right to reject it without affecting Driver's eligibility for employment with C.R. England. If Driver wishes to exercise this right, Driver may do so immediately, or at any time within 14 days after signing this Contract, by sending an email to C.R. England at

> venue@crengland.com indicating he or she rejects Paragraph 9 of this Contract.

*Id.* Exh. 1 ¶ 8.

Although the forum selection clause was completely optional and not a condition of employment, Plaintiff voluntarily agreed to it. Indeed, Plaintiff voluntarily accepted the forum selection clause and did not ever rescind his consent to it, via email or any other means, within 14 days of executing the Contract or at any time thereafter. Callister Decl. ¶ 7.

### B. Procedural Background

On November 10, 2020, Plaintiff filed the instant lawsuit on an individual basis against C.R. England. *See generally*, Compl. Plaintiff also will soon be filing a First Amended Complaint ("FAC") in this action. *See* Dkt. No. 10. Plaintiff alleges in both the original Complaint and the FAC that his employment was wrongfully terminated because he purportedly took time off from work to undergo a nasal surgery to recover his sense of smell and because he supposedly complained to his supervisor for not getting paid for all hours that he worked. *Id.* Based on these allegations, Plaintiff asserts the following causes of action against C.R. England: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate; (3) failure to engage in the interactive process; (4) FEHA retaliation; (5) violation of the California Family Rights Act ("CFRA"); (6) retaliation in violation of California Labor Code §§ 98.6 & 1102.5; (7) failure to pay minimum wage in violation of California Labor Code § 1194; (8) inaccurate wage statements in violation of California Labor Code § 226(a); and (9) waiting time penalties in violation of California Labor Code §§ 200-204. *Id.*

## III. ARGUMENT

When parties to a lawsuit have previously agreed to litigate a dispute in a specific forum and one party seeks to evade that agreement by filing the suit in a different forum, the United States Supreme Court has declared that 28 U.S.C. §

1404(a)[1] "provides a mechanism for enforcement" of the parties' forum-selection agreement and "a proper application of §1404(a) requires that a forum-selection clause be **given controlling weight in all but the most exceptional cases**." *Atlantic Marine Const. Co. v. U.S. Dist. Court*, 571 U.S. 49, 59-60 (2013) (quotations omitted) (emphasis added).

Here, Plaintiff previously agreed to litigate all of the claims he asserts against C.R. England in the operative complaint in Salt Lake City, Utah. As explained above, Paragraph 9 of the Contract provides that:

> C.R. England and Driver hereby agree that this Contract and its construction and interpretation shall at all times and in all respect be governed by the laws of the State of Utah, and **any claim, litigation or dispute arising from or related to this Contract shall be litigated in the appropriate federal or state court located in Salt Lake City, Utah**. Driver hereby consents to personal jurisdiction and venue in such court.

Callister Decl. Exh. 1 ¶ 9 (underlining of one word omitted, bolded emphasis added). Because Plaintiff's claims fall within the scope of this mandatory forum selection clause and Plaintiff cannot demonstrate that its enforcement would be unreasonable and unjust, this action must be transferred to the District of Utah in its entirety.

### A. Plaintiff's Claims Fall Within The Forum Selection Clause

Federal courts apply federal law to the interpretation and enforcement of forum-selection clauses. *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (citing *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) and *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512-13 (9th Cir. 1988)). The scope of the claims governed by a forum-selection clause depends upon the language used in the clause. *LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199,

---

[1] Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

1207 (C.D. Cal. 2015).  "[F]orum-selection clauses covering disputes 'arising out of' a particular agreement apply only to disputes 'relating to the interpretation and performance of the contract itself.'"  *Sun*, 901 F.3d at 1086 (citing *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir.2011)); *see also LaCross*, 95 F. Supp. 3d at 1207.  "By contrast, forum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement."  *Sun*, 901 F.3d at 1086; *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (holding that the language "arising in connection with" covers "every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract"); *LaCross*, 95 F. Supp. 3d at 1207.  It is well-settled that a broad forum-selection clause can apply to both contractual and non-contractual causes of action.  *Manetti-Farrow*, 858 F.2d at 514; *Sun*, 901 F.3d at 1086 ("The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract").

Here, the forum-selection clause agreed to by Plaintiff and C.R. England provides that "**any** claim, litigation or dispute **arising from or related to** this Contract **shall** be litigated in the appropriate federal or state court located in Salt Lake City, Utah."  Callister Decl. Exh. 1 ¶ 9 (emphasis added).  This language has a broad reach that encompasses all of the purported claims Plaintiff asserts in the operative complaint.  The Contract governed the working relationship between C.R. England and Plaintiff, including the "wages, benefits and other compensation" C.R. England paid Plaintiff "[a]s compensation for the driving services to be rendered by [Plaintiff] under th[e] Contract."  Callister Decl. Exh. 1 ¶ 7.

Plaintiff's wrongful termination, CFRA, and wage-based claims thus clearly are "related to" the Contract and fall within the scope of the forum-selection clause at issue.  *See, e.g.*, *Sun*, 901 F.3d at 1086 (holding forum-selection clause covering any disputes "related to" agreement covered statutory claims); *Silva v. C.R.*

*England, Inc. et al.*, No. 17cv2099-LAB, Doc. 26-1 at 3-5 (C.D. Cal. Aug. 27, 2018) (holding that forum-selection clauses including phrases like "relating to" and "in connection with" are broad enough to encompass statutory claims); *Huddleston v. John Christner Trucking, LLC*, No. 117CV00925LJOSAB, 2017 WL 4310348, at *7 (E.D. Cal. Sept. 28, 2017) (holding that forum-selection clause covering any claim "arising from or in connection with" a contractor agreement was sufficiently broad to cover claims for violation of a variety of state and federal labor statutes); *LaCross,* 95 F. Supp. 3d at 1207 (holding that clause covering any claim "related to" contractor agreement covered California Labor Code claims); *Robles v. Comtrak Logistics, Inc.,* No. 2:13-CV-00161-JAM-AC, 2015 WL 1530510, at *4 (E.D. Cal. Apr. 3, 2015) (same).

The language of the forum-selection clause is also mandatory; i.e., it provides that Salt Lake City is not only a permissible forum for disputes between Plaintiff and C.R. England, but also that Salt Lake City is the ***only*** permissible forum for such disputes. *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (holding that clause stating that "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" was mandatory and made clear that venue lies exclusively in the designated county); *see also Pelleport Investors, Inc. v. Budco Quality Theatres, Inc*., 741 F.2d 273, 280 (9th Cir. 1984) (holding that clause stating that "all disputes … shall be litigated only in the Superior Court for Los Angeles County" required suit to be litigated in L.A. County court ) *abrogated on other grounds by Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007).

### B.     The Parties' Forum Selection Clause Must Be Enforced

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a Section 1404 motion be denied." *Atlantic Marine*, 571 U.S. at 62; *see also*

*Sun*, 901 F.3d at 1087.

Typically, a district court considering a Section 1404(a) motion must evaluate various private and public interest considerations to determine whether, on balance, a transfer would serve "the convenience of [the] parties and witnesses" and otherwise promote "the interest of justice." *Atlantic Marine*, 571 U.S. at 62-63 (quoting 28 U.S.C. § 1404(a)). However, as the Supreme Court made clear in *Atlantic Marine*, a Section 1404(a) motion based on a valid forum-selection clause "requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id*. at 63.

First, "the plaintiff's choice of forum merits no weight." *Id.* "[W]hen a plaintiff agrees by contract to bring suit only in a specified forum . . . , the plaintiff has effectively exercised [his] 'venue privilege' before a dispute arises." *Id.* "Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id*. at 63-64.

Second, the district court "should not consider arguments about the parties' private interests." *Id*. at 64. When a party agrees to a forum-selection clause, it "waive[s] the right to challenge the preselected forum as inconvenient or less convenient for [itself] or [its] witnesses, or for [its] pursuit of litigation." *Id*. The district court "accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum," meaning that it "may consider arguments about public-interest factors only," which "will rarely defeat a transfer motion." *Id.*

Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances could affect the Court's evaluation of public-interest considerations." *Id*.

///

Thus, "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 66. "In all but the most unusual cases, [ ] 'the interest of justice' is served by holding the parties to their bargain." *Id.*; *Sun*, 901 F.3d at 1088 ("The practical result is that a forum-selection clause 'should control except in unusual cases'").

Accordingly, the forum-selection clause in Plaintiff's Contract with C.R. England is "*prima facie* valid" and should be enforced unless Plaintiff can "clearly show that enforcement would be unreasonable and unjust." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972); *see also Atlantic Marine*, 571 U.S. at 63 (A "valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases"); *Doe 1*, 552 F.3d at 1083 ("[a] forum-selection clause is presumptively valid; the party seeking to avoid a forum-selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable.").

Both, the Supreme Court and the Ninth Circuit, have construed this exception narrowly, identifying only three circumstances in which a party challenging a forum-selection clause may demonstrate that it is unreasonable: "first, if the inclusion of the clause in the agreement was the product of fraud or overreaching; second, if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and third, 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir.1998) (citing *M/S Bremen*, 407 U.S. at 12-13, 15, 18); *see also Sun*, 901 F.3d at 1088. Plaintiff cannot demonstrate that any of these three circumstances are present here.

### 1. The Forum Selection Clause Was Not The Product of Fraud or Overreaching

First, Plaintiff cannot show that the forum-selection clause was the product

of fraud or overreaching.  He does not allege that it was, nor could he credibly do so.  Indeed, Plaintiff voluntarily entered into the Contract containing the forum-selection clause and there was nothing fraudulent whatsoever about that process.  *See* Callister Decl. Exh. 1 ¶¶ 8-9.  Accordingly, the forum-selection clause was not the product of fraud or overreaching.

### 2. Enforcement of The Clause Will Not Effectively Deprive Plaintiff of His Day in Court

Second, Plaintiff cannot show that enforcement of the forum-selection clause would effectively deprive him of his day in court.  To the extent Plaintiff argues that transfer to the District of Utah will cause him increased costs or inconvenience that will prevent him from continuing his case, he "waive[d] the right to challenge the preselected forum as inconvenient or less convenient" when he agreed to the clause.  *Atlantic Marine*, 571 at 64.  Put another way, Plaintiff's ability to bear the costs and inconvenience of litigation in Utah is a "private interest" that may not be considered under the Supreme Court's decision in *Atlantic Marine*.  *See, e.g.*, *Sun*, 901 F.3d at 1093 (holding that where plaintiffs would retain remedies in the forum mandated by a contract, they had not carried their heavy burden to demonstrate that enforcement of the contract would deprive them of their day in court); *LaCross*, 95 F. Supp. 3d at 1205 (after *Atlantic Marine*, "considerations of [plaintiff's] financial ability" may not be taken into account in determining whether to enforce forum-selection clause); *Robles*, 2015 WL 1530510, at *5; *Monastiero v. appMobi, Inc.*, No. C 13-05711 SI, 2014 WL 1991564, at *3 (N.D. Cal. May 15, 2014) (plaintiff's ability to bear costs and inconvenience of litigating in selected forum are "factors that the Supreme Court in *Atlantic Marine* deemed 'private interests' that the Court may not consider").

### 3. Enforcement of The Clause Will Not Violate Public Policy

Finally, Plaintiff cannot establish that enforcement of the forum-selection clause would "contravene a strong public policy" of the forum in which he filed suit

(i.e., California). Plaintiff asserts claims under various sections of the California Government Code and California Labor Code. Utah's federal courts are competent to interpret and apply California law if that is warranted. *See Silva*, Dkt. 26-1 at 3; *see also LaCross*, 95 F. Supp. 3d at 1206 ("Federal courts in other states are 'fully capable of applying California law'"); *AB Coaster Holding, Inc. v. Greene*, No. CV 10-397-VBF(CWx), 2010 WL 11597577 at *4 (C.D. Cal. Mar. 12, 2010) (explaining that "because federal courts routinely apply foreign law," a U.S. district court in Ohio was competent to interpret and apply California law).

## IV.   CONCLUSION

Based on the foregoing, C.R. England respectfully requests that the Court grant this Motion and transfer the action to the United States District Court for the District of Utah.

DATED: January 26, 2021         NOSSAMAN LLP

By:   */s/ Pavneet Singh Mac*
Drew R. Hansen
Pavneet Singh Mac
Attorneys for Defendant C.R. ENGLAND, INC.